**Barbara LAURSEN, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 03–35575.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided April 4, 2005.

Stephen Maddox, Esq., Olympia, WA, for Plaintiff–Appellant.

* The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

David R. Johnson, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, THOMAS, Circuit Judges, and EZRA, District Judge.*

MEMORANDUM **

Plaintiff–Appellant Barbara Laursen appeals the denial of her disability benefits. Laursen requests that the court reverse the decision of the district court and either order the payment of her benefits or remand the case for further proceedings. We reverse and remand for further proceedings. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Upon de novo review of an order upholding a denial of benefits, the court may reverse if it concludes that the Commissioner's decision is "not supported by substantial evidence or is based on legal error." *Flaten v. Secretary of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir.1995). "In determining whether the Commissioner's findings are supported by substantial evidence, [the court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998). The ultimate conclusions of treating physicians must be given great weight and can-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not be disregarded unless clear and convincing reasons for doing so exist and are set forth in detail. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988).

Here, the Administrative Law Judge ("ALJ") improperly rejected the conclusions of the treating physician, Dr. Gromko, and did not provide clear and convincing reasons or adequate detail for doing so. *See Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995) (summarizing the applicable standard for analyzing physicians' opinions and rejecting a treating physician's conclusions). As a result, the ALJ's overall assessment of the psychiatric evidence and medical testimony was based on legal error. *See id.* For these reasons, we reverse and remand for further proceedings.

REVERSED AND REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.